IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELADIO REGALADO RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-175 (RDA/IDD) |
| | ) | |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

This matter comes before the Court on Petitioner Eladio Regalado Ramirez's ("Petitioner")

Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs

Enforcement ("ICE") custody or a bond hearing before an Immigration Judge.  On December 30,

2025, Petitioner filed his first habeas petition with this Court in *Regalado Ramirez v. Simon, et al.*,

Case No. 1:25-cv-02497-RDA-LRV (E.D. Va.).  In that case, Petitioner argued that he was

detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing detention

violated his due process rights, and he requested that this Court order that he be granted a bond

hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  *Id.* at Dkt. 1.  This Court granted

that relief on January 7, 2026, and ordered that Petitioner receive a discretionary bond hearing

under 8 U.S.C. § 1226(a).  *Id.* at Dkt. 5.

It is undisputed that, on January 14, 2026, the Immigration Court conducted a bond hearing

for Petitioner under 8 U.S.C. § 1226(a).  Dkt. 6-1 (Declaration of Charles M. Byrne); Dkt. 6-2

(Immigration Court Bond Order Issued January 14, 2026); Dkt. 7 ("Petitioner does not challenge

the mere occurrence of a bond hearing.").  And it is undisputed that, at that hearing, the

Immigration Judge found that Petitioner was a flight risk and denied bond on that basis.  Dkt. 6-1

1

("At the hearing, the Immigration Judge denied Petitioner's bond request, finding that he posed a flight risk."); Dkt. 6-2 ("Denied, because Respondent is a flight risk"); Dkt. 7 ("Here, the Immigration Judge denied bond not based on the Guerra flight-risk factors, but instead on the fact that Petitioner: entered the United States without inspection, and therefore 'violated the law,' which the IJ treated as evidence of flight risk.").

On January 20, 2026, Petitioner filed the instant Petition. Dkt. 1. On January 22, 2026, the Court set a briefing schedule. Dkt. 4. On January 27, 2026, Respondents filed an opposition, arguing that, because Petitioner has already received a discretionary bond hearing under 8 U.S.C. § 1226(a), the instant Petition is moot. Dkt. 6. On January 30, 2026, Petitioner filed a reply.[1] Dkt. 7. Petitioner argues that the Petition is not moot because the Immigration Judge erred by treating Petitioner's manner of entry into the United States as a flight-risk factor. Dkt. 7. Petitioner states that manner of entry is not one the flight-risk factors listed in *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and thus was impermissible to consider. Dkt. 7 ("Manner of entry is not a Guerra factor.").

As a preliminary matter, Petitioner has provided the Court with no evidence to support his claims about what the Immigration Judge did and did not consider in assessing Petitioner's request for bond and only asserts that one of the factors considered was manner of entry. Moreover, contrary to Petitioner's contention, "manner of entry" is explicitly one of the factors recognized as permissible flight-risk considerations in *Matter of Guerra*:

> Immigration Judges may look to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate. These factors may include any or all of the following: . . . (9) ***the alien's manner of entry to the United States***.

---

[1] Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

*Matter of Guerra*, 24 I. & N. Dec. at 40 (emphasis added). And the Fourth Circuit has cited these factors in holding that the procedures the government has adopted for § 1226(a) hearings provide substantial due process. *Miranda v. Garland*, 34 F.4th 338, 362 (4th Cir. 2022) ("In addition, immigration judges and the Board have the guidance of a list of factors outlined in the agency's decision in *In re Guerra* to utilize in determining whether bond is warranted and under what conditions. These factors provide a non-exhaustive, but flexible menu of considerations relevant to detention decisions. Despite Espinoza's complaints, these procedures provide substantial process."). Accordingly, it appears that the Petition lacks factual and evidentiary support, is based on a misreading of *Matter of Guerra*, and is otherwise moot. *See* Dkt. 7 at 2 ("Petitioner asks only for what the law requires: A bond hearing conducted under the correct legal standard, applying the Guerra factors, and without treating removability or manner of entry as evidence of flight risk."); *see Hossain v. Lyons*, Case No. 1:25-cv-1841-LMB-LRV, Dkt. No. 21, at 5 (E.D. Va. Nov. 20, 2025) ("Based on the Immigration Judge's independent grounds for denying bond, Hossain's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk.").

The Court also notes that it appears from the record before it that Petitioner is not left without recourse and may still appeal the result of his bond hearing to the Board of Immigration Appeals by February 13, 2026. *See* 8 C.F.R. § 1003.19(f) ("An appeal from the [custody] determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38"); Dkt. 6-2 at 2 (showing Petitioner reserved appeal and such appeal is due February 13, 2026).

Accordingly, for all of the reasons above, it is hereby

3

ORDERED that Petitioner Eladio Regalado Ramirez's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
February ___2___, 2026

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge